**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

| | | |
|---|---|---|
| KENNETH JASON MOORE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CV406-247 |
| BRYAN COUNTY, BRYAN COUNTY SHERIFF'S DEPT., BRYAN COUNTY JAIL, DEPUTY LORI PROVOLET, BRYAN COUNTY PUBLIC DEFENDER'S OFFICE, KATHLEEN JENNINGS, OGEECHEE CIRCUIT PUBLIC DEFENDER'S OFFICE, MR. PROVOLET, and ANDREW DURANCE, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On October 13, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a

recommendation that this case be dismissed. Plaintiff has timely returned the two forms;[1] the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983 against defendants.

---

[1] Plaintiff filed the requisite Prisoner Trust Fund Account Statement and Consent to Collection of Fees after the 30-day time limit had run. Plaintiff filed a motion for extension of time contemporaneously with the submission of the forms, claiming that he did not receive the order until 51 days after it was entered. Doc. 7. As the order was returned as undeliverable mail due to plaintiff's change of address, the motion is GRANTED and plaintiff's forms will be deemed timely filed.

Plaintiff Kenneth J. Moore, currently incarcerated at the Claxton Detention Center, is asserting claims against Bryan County and various officials from that county, as well as the county's sheriff's department, jail, and public defender's office. Plaintiff also lists the Ogeechee public defender's office as a named defendant. Doc. 1. Plaintiff contends that defendants are guilty of "conspiracy, discrimination, prisoner racketeering, and illegal business." Id. While the nature of plaintiff's allegations is not entirely clear, it appears that the plaintiff is claiming that defendants conspired to incarcerate him by hurrying through a probation revocation proceeding, thereby denying him due process and a fair hearing. Id. Plaintiff claims that defendants gave "some kind of signs" to one another during his probation revocation hearing, and that Deputy Lori Provolet and Kathleen Jennings, plaintiff's public defender, were negligent in their actions and engaged in a conspiracy to have him "just pushed... through court."[2] Id. Plaintiff is seeking an investigation into the matter by internal affairs and compensatory damages for his pain and suffering and mental stress. Id. As it appears that the essence

---

[2]Plaintiff also states that Deputy Provolet accused him of masturbating in public "with no witnesses or proof," but it is unclear how this statement is associated with his alleged constitutional deprivations. Id.

3

of plaintiff's complaint impugns the validity of his revocation proceeding and continued confinement, his suit is foreclosed by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), which precludes a collateral attack upon a conviction or sentence through the vehicle of a § 1983 damages action.

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. The Supreme Court held that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence

4

that has not been so invalidated is not cognizable under § 1983. Id.

Heck involved an action for damages against a prosecutor and a state investigator arising from the defendants' alleged unlawful investigation, destruction of exculpatory evidence, and utilization of an illegal voice identification procedure. Id. at 479. Because the damages claim challenged the legality of a conviction that had never been invalidated, the Supreme Court held that the plaintiff had stated no cause of action under § 1983.

In this case, as in Heck, plaintiff's § 1983 damages claim directly implicates the constitutionality of his continued confinement by the state. Plaintiff alleges that he was denied due process and a fair revocation hearing through the conspiratorial actions of defendants. These allegations, if proven to be true in the context of a § 1983 damages action, would necessarily imply the invalidity of plaintiff's sentence or the terms of his confinement. Plaintiff, therefore, could use a favorable judgment in this damages action to demand that he be released from custody.

Even if this action were not barred by Heck, plaintiff could not proceed under § 1983 against public defender Jennings or against the

county sheriff's department, jail, or public defender's offices. It is well settled "that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Because only state actors are subject to liability under § 1983, and because an attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the state but is instead "the State's adversary," plaintiff's claims against his public defender are meritless. Id. at 315; Pearson v. Myles, 2006 WL 1818716, at *1 (11th Cir. July 5, 2006). Further, sheriff's departments, county jails, and public defender's offices are not legal entities subject to suit under § 1983. Lovelace v. DeKalb Central Probation, 144 Fed. Appx. 793, 795 (11th Cir. 2005); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).

Finally, while plaintiff names Bryan County as a defendant, he does not mention the county in the body of his complaint or make any factual allegations that would suffice to state a non-frivolous claim against this defendant. To the extent that plaintiff may be attempting to assert a respondeat superior claim against the county for the actions of its subordinate officials, such a claim is without merit, for claims brought

pursuant to § 1983 cannot be premised upon respondeat superior or vicarious liability. <u>Polk County</u>, 454 U.S. at 325; <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 (1978).

Plaintiff's § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Heck v. Humphrey</u>, 512 U.S. at 489-90. Plaintiff has failed to establish this essential element of his cause of action. Accordingly, plaintiff's action should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 18TH day of **January, 2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA